State v. Carter

STATE OF NORTH CAROLINA v. YVONNE CARTER

No. 7327SC816

(Filed 9 January 1974)

1. Receiving Stolen Goods § 5— receiving stolen furniture — sufficiency of evidence

In a prosecution charging defendant with the felonious receiving of stolen goods, evidence was sufficient to be submitted to the jury where it tended to show that defendant helped her brother-in-law place

---

State v. Carter

---

stolen furniture in the house where they lived, that she subsequently tried unsuccessfully to sell the furniture, that she stored the furniture in a warehouse, and that she later borrowed money from the warehouse owner by pledging the furniture as security.

2. **Criminal Law § 116— failure of defendant to testify — no comment by trial judge**

Trial court's statement that defendant did not offer any evidence did not amount to a comment by the court on defendant's failure to testify.

APPEAL from *Snepp, Judge,* 16 July 1973 Session of Superior Court held in GASTON County.

This is a criminal action in which the defendant was charged in a bill of indictment, proper in form, with the felonious receiving of stolen goods.

Defendant entered a plea of not guilty to the crime charged and from a verdict of guilty of misdemeanor receiving and the imposition of a prison sentence of two years, she appealed.

*Attorney General Robert Morgan and Assistant Attorney General H. A. Cole, Jr., for the State.*

*Whitesides and Robinson by Henry M. Whitesides for defendant appellant.*

HEDRICK, Judge.

[1] Defendant first assigns as error the trial court's denial of her motion for judgment as of nonsuit. "Upon a motion for judgment as of nonsuit, the evidence must be considered by the court in the light most favorable to the State, all contradictions and discrepancies therein must be resolved in its favor and it must be given the benefit of every reasonable inference to be drawn from the evidence." *State v. Cutler,* 271 N.C. 379, 382, 156 S.E. 2d 679, 681 (1967).

The material evidence offered by the State tended to establish the following:

The defendant lived in Gaston County with Mr. and Mrs. Roy Ledford, her sister and her sister's husband. On 2 July 1971, Roy Ledford and several other persons traveled by truck to Tony's Mobile Home Sales on Highway 29 West, broke into a mobile home located at this site, and removed a refrigerator, gas range, typewriter, sofa, lamp, and several chairs. After

completing this act, Ledford and his accomplices returned to Ledford's home where the defendant helped place the furniture in a room of the house. Roy Ledford and the other members of his party returned to Tony's Mobile Home Sales for a second load; however, they were apprehended inside a trailer on the mobile home lot. On the next day defendant offered to sell the stolen goods to William Roseberry; however, he refused to purchase the goods but did offer to allow defendant to store these items in his warehouse. Defendant and Glenn Montgomery delivered the goods to the warehouse, and Roseberry gave defendant a receipt for the rental fee of eight dollars ($8.00). On 4 July 1971, defendant again visited Roseberry and borrowed twenty dollars ($20.00) by pledging the goods as security.

This evidence, when viewed in the light most favorable to the State, constitutes the exercise of control over the stolen property and is sufficient to withstand defendant's motion for judgment as of nonsuit and to support the verdict.

[2]    In her three remaining assignments of error the defendant asserts that the trial court erred in its instructions to the jury (1) in commenting on the defendant's not offering any evidence without explaining in accordance with G.S. 8-54 that no presumption arises from defendant's failure to testify, (2) in using the term "dishonest purpose" in the charge, and (3) in defining the offense of receiving stolen goods. That portion of the charge upon which the defendant's first contention is based, in our opinion, does not amount to a comment by the court on defendant's failure to testify. The court merely stated that the defendant did not offer any evidence and this statement simply served as a preface to the trial judge's recapitulation of certain evidence brought out by the defendant on cross-examination of the State's witnesses. Furthermore, assuming *arguendo* that the comment made by the judge was directed to defendant's failure to testify, we are of the opinion that this instruction, although meager, meets minimum requirements and that defendant has failed to show any prejudicial error. The second and third challenges to the charge are lifted out of context and when the charge is considered contextually as a whole it is found to be fair and complete and free from prejudicial error.

No error.

Judges CAMPBELL and BALEY concur.